**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**CRYSTAL D. CRAIG,**

      Plaintiff,

v.                                               **CIVIL ACTION NO.: 3:16-CV-36
(GROH)**

**THE CHARLES TOWN GENERAL HOSPITAL,**
a/k/a "Jefferson Memorial Hospital,"

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Currently pending before the Court is the Defendant's Motion for Summary Judgment [ECF No. 19], filed on April 4, 2017. On April 25, 2017, the Plaintiff filed her response in opposition, and on May 9, 2017, the Defendant filed its reply. For the following reasons, the Court **GRANTS** the motion.

### I. Factual Background

The instant case involves the Defendant's alleged interference with the Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601-2654. The Plaintiff began working as a Patient Care Technician[1] at Charles Town General Hospital in September of 2012. ECF Nos. 3 at 2, 10 at 3. In early 2015, the Plaintiff applied for leave under the FMLA to undergo a cholecystectomy. See ECF Nos. 3 at 2, 19-2, 19-12.

---

[1] The parties disagree as to the title of the Plaintiff's position. The Plaintiff avers that she was employed as a Certified Nursing Assistant [ECF Nos. 3 at 2, 19-2 at 1, 20 at 5], but the Defendant categorizes the Plaintiff's position as a Patient Care Technician [ECF Nos. 10 at 3, 19 at 1, 19-7, 19-10, 19-11, 19-12 at 1]. This discrepancy is immaterial. For the purpose of this Order, the Court refers to the Plaintiff's position as a Patient Care Technician.

The leave was scheduled to commence on January 9, 2015, and estimated to conclude on February 6, 2015.[2] ECF No. 19-12 at 2-3. The Plaintiff's cholecystectomy was performed on January 9, 2015, and on January 14, 2015, the surgeon signed a return to work slip that released the Plaintiff to work full duty as of February 27, 2015. ECF No. 20-6 at 1; see also ECF No. 20-6 at 2. Based upon medical documentation provided by the Plaintiff, the Defendant approved the Plaintiff's FMLA leave request for the dates of January 9, 2015, through February 27, 2015, "provided there [was] no deviation from [her] anticipated leave schedule." ECF No. 19-4. The Plaintiff was required to notify the Defendant as soon as practicable if her dates of scheduled FMLA leave changed. ECF No. 19-4.

Rather than the anticipated date of February 27, 2015, the Plaintiff returned to work one month earlier on January 27, 2015. ECF Nos. 3 at 2, 19-1 at 5-6, 20-1 at 4. On February 6, 2015, the Plaintiff was unable to work due to pain in her upper right quadrant in the location of her recent surgery. ECF Nos. 3 at 2, 19-1 at 4-11, 20-1 at 4-6. On that day, she contacted her supervisor to report her inability to work and additionally contacted the Defendant's Human Resources Department to inquire as to whether her FMLA leave was still in effect. ECF Nos. 3 at 2, 19 at 3-4, 19-1 at 6-7, 20-1 at 4. Human Resources was unaware that the Plaintiff returned to work prior to the scheduled February 27, 2015 date and informed the Plaintiff she would not be allowed to return unless documentation was received releasing her to work early. ECF Nos. 19-1 at 5-6, 20-1 at 4. The Plaintiff did not believe that she had returned to work early. ECF Nos. 19-1 at 6, 20-1 at 4. In

---

[2] The certification signed by the Plaintiff's surgeon, Dr. Jan Kletter, indicated that the Plaintiff's "estimate[d] . . . beginning and ending dates . . . of incapacity" would be from January 9, 2015, to February 6, 2015. ECF No. 19-12 at 3.

fact, she stated that Dr. Kletter informed her she could return to work on January 27, 2015. ECF No. 19-1 at 21-22. Following her conversation with Human Resources, the Plaintiff contacted her surgeon's office to obtain authorization to return to work. ECF Nos. 19-1 at 5-6, 20 at 1, 20-1 at 4. On February 6, 2015, the Defendant received a letter from the surgeon's office indicating that the Plaintiff was released to work full duty as of January 27, 2015. ECF Nos. 19 at 3, 19-5, 20-6 at 4. Because the Plaintiff returned to work on January 27, 2015, and had a physician's note approving her release to work full duty as of January 27, 2015, Human Resources informed her that her FMLA leave ended on that date. ECF Nos. 3 at 2, 19-1 at 5-7, 19-6 at 2, 20-1 at 4. The Plaintiff did not inform Human Resources why she would not be at work on February 6, 2015, did not advise how long she would be out and did not request that the absence count as FMLA leave.[3] ECF Nos. 19 at 4, 19-1 at 5-10, 20-1 at 4-5.

On March 25, 2015, the Defendant terminated the Plaintiff's employment because of poor attendance. ECF No. 19-11. Between April 15, 2014, and her termination date, the Plaintiff had seven unscheduled, non-FMLA absences. ECF No. 19-11. Pursuant to the Defendant's attendance policy, seven unscheduled absences results in a recommended discharge. ECF No. 19-8. The Defendant considered the Plaintiff's February 6, 2015 absence as an unscheduled, non-FMLA absence. See ECF Nos. 19-7, 19-10, 19-11. The Plaintiff did not contest the classification of her February 6, 2015 absence until this lawsuit. See ECF No. 19-1 at 28.

---

[3] The Plaintiff stated that she did not request her February 6, 2015 absence to count as FMLA leave because she believed her request would have been denied. ECF No. 19-1 at 25-26.

3

## II. Standard of Review

The moving party is entitled to summary judgment if there is no genuine dispute as to any material fact, thus warranting judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The court is tasked with "determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

To successfully oppose a motion for summary judgment, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation and citation omitted), by furnishing affidavits, depositions or other evidence, see Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-25; Anderson, 477 U.S. at 247-48. In determining whether there is indeed a genuine dispute, the court must view the evidence and inferences in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Summary judgment must be entered against a party who fails to demonstrate the existence of an essential element. Celotex, 477 U.S. at 322-23.

## III. Discussion

In her response to the Defendant's motion for summary judgment, the Plaintiff contends that several facts are in dispute which entitle her to a trial on her interference claim. However, a review of the record reveals no genuine dispute as to any material

4

fact. Accordingly, based upon the following, the Court grants summary judgment in favor of the Defendant.

Under the FMLA, employees are entitled "to take up to twelve weeks of unpaid leave in any twelve-month period for qualifying medical or family reasons." Brushwood v. Wachovia Bank, N.A., 520 F. App'x 154, 157 (4th Cir. 2013) (internal quotation omitted) (citing Rhoads v. FDIC, 257 F.3d 373, 381-82 (4th Cir. 2001)); see also 29 U.S.C. § 2612(a)(1). Employers are prohibited from interfering with, restraining or denying an employee's exercise of her FMLA rights. 29 U.S.C. § 2615(a)(1). To establish a claim of interference under the FMLA, the plaintiff must show that (1) she was an eligible employee under the FMLA, (2) the defendant is an employer subject to FMLA requirements, (3) she was entitled to FMLA leave, (4) she gave notice to the defendant-employer of her intention to take FMLA leave and (5) she was denied benefits to which she was entitled under the FMLA. Gibson v. Corning, Inc., No. 5:14-CV-105-BO, 2015 WL 1880188, at *7 (E.D.N.C. Apr. 13, 2015) (citation omitted); Anusie-Howard v. Todd, Civil No. WDQ-12-199, 2015 WL 857360, at *3 (D. Md. Feb. 26, 2015) (citation omitted); Braganza v. Donahoe, Civil Action No. 1:13-cv-848, 2014 WL 3749694, at *2 (E.D. Va. July 29, 2014) (citation omitted). The record indisputably reveals that the Plaintiff did not provide adequate notice of her intention to take FMLA leave for her February 6, 2015 absence.

For notice to be sufficient, the employee need not specifically mention the FMLA. Peeples v. Coastal Office Prods., Inc., 64 F. App'x 860, 863 (4th Cir. 2003) (unpublished per curiam). However, the employee must, at the very least, imply that she is suffering from a serious health condition and indicate the anticipated timing and duration of leave. See 29 C.F.R. § 825.302(c); Brushwood, 520 F. App'x at 157; see also Anderson v.

5

Discovery Commc'ns, LLC, 814 F. Supp. 2d 562, 572-73 (D. Md. Sept. 29, 2011). Here, the Plaintiff did neither. The information provided by the Plaintiff to the Defendant regarding her February 6, 2015 absence did not demonstrate that she was suffering from a "serious health condition" as defined under the FMLA. Section 2611 of the FMLA defines a serious health condition as "an illness, injury, impairment, or physical or mental condition that involves inpatient care in a hospital, hospice, or residential medical care facility or continuing treatment by a health care provider." 29 U.S.C. § 2611(11); see also 29 C.F.R. § 825.113(a). On February 6, 2015, the Plaintiff contacted the Defendant's Human Resources Department and asked if her FMLA leave was still active. ECF Nos. 19-1 at 5, 20-1 at 4. She did not inform Human Resources of the reason that she was requesting the day off and did not indicate that the absence was related to her January 9, 2015 cholecystectomy.[4] ECF Nos. 19 at 4, 19-1 at 7-8, 20-1 at 4. Indeed, the Plaintiff did not provide the Defendant's Human Resources Department with any information that would indicate she was suffering from a serious health condition triggering FMLA leave. The Plaintiff also did not mention the anticipated length of her absence. See ECF Nos. 19-1 at 5-10, 20-1 at 4-5. The information provided by the Plaintiff to Human Resources on February 6, 2015, was insufficient to put the Defendant on notice that she was suffering from a serious health condition entitling her to FMLA leave. Thus, the Defendant was not

---

[4] During her deposition, the Plaintiff admitted that she did not inform Human Resources why she was taking off work on February 6, 2015:

>Q. So did you tell [the Human Resources representative] why you were asking?
>A. I don't believe that I did. I don't believe that I told [Human Resources] why I was asking.
>Q. Why not?
>A. Because she works in Human Resources and I don't think that that's very appropriate to say I'm having—I'm having pain in my side from my surgery.

ECF Nos. 19-1 at 7, 20-1 at 4.

6

obligated to inform her in writing that her February 6, 2015 absence was not covered under the FMLA. See 29 C.F.R. § 825.300(d)(1); Brushwood, 520 F. App'x at 157 ("[T]he employer's duties are triggered when the employee provides enough information to put the employer on notice that the employee may be in need of FMLA leave." (internal quotation omitted) (quoting Browning v. Liberty Mut. Ins. Co., 178 F.3d 1043, 1049 (8th Cir. 1999))).

Finally, the Plaintiff argues that the Defendant was required, pursuant to 29 C.F.R. § 825.300(d)(5), to provide her with a designation notice within five business days after it received information that she was returning to work early. However, notice is only required under this subsection when the employer receives notice of the employee's "need for leave *subsequent to any change*." 29 C.F.R. § 825.300(d)(5) (emphasis added). Here, the Defendant initially granted the Plaintiff FMLA leave from January 9, 2015, through February 27, 2015. ECF Nos. 19-4, 20-6 at 3. However, when the Plaintiff returned to work early on January 27, 2015, her FMLA leave ceased. See ECF Nos. 19-1 at 5-6, 20-1 at 4. Pursuant to § 825.300(d)(5), the Defendant was not required to provide the Plaintiff with notice unless or until five days after she requested FMLA leave subsequent to her January 27, 2015 return date. As articulated above, following her return to work on January 27, 2015, the Plaintiff failed to provide the Defendant with adequate notice that she required additional FMLA leave. See Browning, 178 F.3d at 1049. Additionally, there is no indication that the Plaintiff was close to exhausting the entire twelve weeks of leave available under the FMLA. But see Ross v. Youth Consultation Serv., Inc., Civil No. 2:14-2229 (KSH) (CLW), 2016 WL 7476352, at *4-6 (D.N.J. Dec. 29, 2016) (requiring designation notice where employer had enough

7

information to realize that employee would exhaust entire twelve-week period of FMLA leave prior to her return to work). Accordingly, the Defendant did not violate § 825.300(d)(5).

## IV. Conclusion

The Plaintiff fails to present adequate facts and evidence to support a claim of interference in violation of the FMLA. Therefore, in light of the aforementioned, the Court **ORDERS** the Defendant's Motion for Summary Judgment [ECF No. 19] **GRANTED**. The remaining pending motion [ECF No. 32] is **DENIED** as moot.

The Clerk is **DIRECTED** to strike this matter from the active docket, enter a separate judgment order in favor of the Defendant and transmit copies of this Order to all counsel of record herein.

**DATED:** May 23, 2017

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE